UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-24469-LEIBOWITZ/AUGUSTIN-BIRCH

RAIZENDER YACHTING LTD.,

    Plaintiff,

v.

M/Y PONYO and LIMITLESS SEAS,
INC.,

    Defendants
_____/

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

    This cause comes before the Court on Plaintiff Raizender Yachting Ltd.'s Motion for Entry of Final Default Judgment Against Limitless Seas, Inc. DE 13. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 14. Upon a review of the Motion, the Court set a hearing to address one of the forms of relief Plaintiff requested in the Motion. DE 15. In response, Plaintiff withdrew its request for that form of relief and moved for the Court to cancel the hearing, DE 16, and the Court canceled the hearing. DE 17. Having carefully considered the record and the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Entry of Final Default Judgment Against Limitless Seas, Inc. [DE 13].

**I. Background**

    Plaintiff purchased Defendant M/Y Ponyo ("the Vessel") from Defendant Limitless Seas, Inc. for $504,000 and later entered into a profit-sharing agreement with Defendant Limitless. DE 1 ¶¶ 12, 16. Under the terms of the parties' profit-sharing agreement, Plaintiff authorized Defendant Limitless to sell the Vessel and agreed to pay Defendant Limitless half of the net profits

from the sale. *Id.* ¶ 16. The profit-sharing agreement also required that the Vessel be shipped to the United States and sold within a two-month period upon delivery to the United States, or else Defendant Limitless would refund Plaintiff the $504,000 it paid. *Id.* Although the Vessel was shipped into the United States, it was not sold within the two-month period. *Id.* ¶ 17. As such, Defendant Limitless was required to refund Plaintiff $504,000 but failed to do so. *Id.*

Plaintiff and Defendant Limitless eventually entered into a Settlement Agreement whereby Defendant Limitless agreed to pay Plaintiff $504,000 on or before March 31, 2025, and to sell the Vessel and provide Plaintiff with monthly or bi-weekly reports detailing its sales efforts. *Id.* ¶ 19. However, Defendant Limitless failed to pay Plaintiff $504,000 by the March 31, 2025 deadline and failed to provide the required reports detailing its sales efforts. *Id.* ¶ 29. Moreover, Defendant Limitless has not disclosed the Vessel's location and has not permitted Plaintiff to inspect the Vessel. *Id.* ¶ 21. Accordingly, Plaintiff has sued Defendant for breach of contract and seeks a warrant for arrest *in rem* for the Vessel. DE 1.

After Defendant Limitless failed to appear or answer Plaintiff's Complaint, Judge Leibowitz permitted Plaintiff to move for a clerk's entry of default. DE 8. Plaintiff did so, DE 9, and the Clerk's Office entered a default as to Defendant Limitless. DE 12. Plaintiff has now moved for final default judgment against Defendant Limitless. DE 13. Plaintiff only seeks final default judgment on its breach of contract count, not its *in rem* count. *See id.*

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a

2

sufficient basis in the pleadings for the judgment entered." *Id.* (quotation marks omitted). That is to say, a complaint must be able to survive a motion to dismiss for failure to state a claim in order for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To state a claim for breach of contract under Florida law,[1] Plaintiff must demonstrate "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (applying Florida law). The Complaint demonstrates all three elements. Specifically, Plaintiff alleges that it and Defendant Limitless executed a Settlement Agreement, DE 1 ¶ 18, and Plaintiff attached a copy of the fully executed Settlement Agreement to the Complaint. *See* DE 1-6; Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Plaintiff also alleges that Defendant Limitless materially breached the Settlement Agreement in numerous manners. *See* DE 1 ¶¶ 29, 30 (alleging that Defendant Limitless breached the Settlement Agreement by: (1) failing to pay Plaintiff $504,000 by a March 31, 2025 deadline, (2) failing to provide monthly or bi-weekly sales reports and other information regarding Defendant Limitless' efforts to sell the Vessel, and (3) failing to sell the Vessel). Lastly, Plaintiff claims it has suffered at least $504,000 in damages as a result of Defendant Limitless' breach of the Settlement Agreement. *Id.* ¶ 33. Accordingly, Plaintiff has established Defendant Limitless' liability for a breach of contract.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court

---

[1] The parties' Settlement Agreement provides that Florida law governs. DE 1-6 at 4.

determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). In making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted).

Here, Plaintiff seeks $504,000 in damages, prejudgment interest, and attorney's fees and costs. DE 13 at 8–9. The Settlement Agreement required Defendant Limitless to pay Plaintiff $504,000 on or before March 31, 2025, and also provides for the attorney's fees and costs the prevailing party incurs in connection with enforcement of the Settlement Agreement. DE 1-6 at 2, 4–5. Therefore, Plaintiff is entitled to $504,000 in damages and its attorney's fees and costs. Since Plaintiff is entitled to $504,000 in damages, Plaintiff is also entitled to prejudgment interest as a matter of law. *See Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998) ("A prevailing party is entitled, under Florida law, to prejudgment interest."); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) ("In Florida, prejudgment interest is an element of compensatory damages and, when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." (quotation marks omitted)). Accordingly, the Court recommends awarding Plaintiff $504,000 in damages, prejudgment interest, and attorney's fees and costs.[2]

---

[2] Plaintiff only seeks a ruling that it is entitled to attorney's fees and costs. DE 13 at 8. Plaintiff states that it will later move for attorney's fees in accordance with Local Rule 7.3.

## IV. Non-Monetary Relief Requested

In addition to seeking $504,000 in damages, prejudgment interest, and attorney's fees and costs, Plaintiff requests that the Court order Defendant Limitless to "immediately disclose the location of the Vessel and permit [Plaintiff] to inspect it" and to "[c]ertify pursuant to Rule 54(b) that there is no just reason for delay in entering final judgment on the breach of contract claim." DE 13 at 8–9. In its motion to cancel the hearing the Court set on its Motion for Final Default Judgment, Plaintiff withdrew its request for the Court to order Defendant Limitless to immediately disclose the location of the Vessel and permit Plaintiff to inspect it. *See* DE 16 at 2 ("Plaintiff hereby withdraws its request for relief seeking disclosure of the Vessel's location and inspection, as set forth in Paragraph 3 of the 'Wherefore' clause of the Motion for Entry of Final Default Judgment."). As such, the Court need only address Plaintiff's request for a Rule 54(b) certification.

Federal Rule of Civil Procedure 54(b) provides that, when there are multiple claims for relief or multiple parties involved, "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Plaintiff contends that there is no just reason for delay in entering final judgment on its breach of contract claim because the "breach claim is distinct from the *in rem claim*" and "final judgment on the breach claim will not affect the adjudication of the in rem claim." DE 13 at 8. The Court agrees and recommends entry of final default judgment as to Plaintiff's breach of contract claim. Specifically, Plaintiff's breach of contract claim against Defendant Limitless concerns the parties' Settlement Agreement and Defendant Limitless' breaches of that agreement, whereas Plaintiff's *in rem* claim regards the legal title and possession of the Vessel, which Plaintiff asserts is evidenced by matters unrelated to the Settlement Agreement. Thus, the Court has no reason to believe final default judgment on Plaintiff's breach of contract claim will have any

bearing on Plaintiff's *in rem* claim. There is no just reason for delaying entry of final default judgment on Plaintiff's breach of contract claim.

## V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Final Default Judgment Against Limitless Seas Inc., awarding Plaintiff $504,000 in damages and prejudgment interest against Defendant Limitless, permitting Plaintiff to move for attorney's fees and costs in accordance with Local Rule 7.3, and entering final judgment as to Plaintiff's breach of contract count in accordance with Federal Rule of Civil Procedure 54(b).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of February, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE