**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-24469-LEIBOWITZ/AUGUSTIN-BIRCH**

**RAIZENDER YACHTING LTD.,**

**Plaintiff,**

**v.**

**M/Y PONYO and LIMITLESS SEAS, INC.,**

**Defendants**
_______________________________________/

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This cause comes before the Court on Plaintiff Raizender Yachting Ltd.'s Motion for Attorney's Fees. DE 22. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 23. Defendant Limitless Seas Inc. did not respond to the Motion, and the time for it to do so has expired. Having carefully considered the record and the Motion and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees [DE 22].

## I. Background

On September 29, 2025, Plaintiff initiated this action against Defendant for breach of the parties' settlement agreement. DE 1. Despite being served, DE 5, Defendant failed to appear or respond, and Plaintiff eventually obtained default final judgment against Defendant. DE 19; DE 20. Plaintiff now moves to recover its attorneys' fees and costs pursuant to the prevailing party provision of the parties' settlement agreement. DE 22.

## II. Analysis

As part of the parties' settlement agreement, they agreed that the prevailing party "shall be entitled to attorneys' fees and costs incurred in connection with enforcement of the terms of the" settlement agreement. DE 1-6 ¶ 14. When granting final default judgment in Plaintiff's favor, Judge Leibowitz determined that Plaintiff was entitled to its reasonable attorneys' fees and taxable costs pursuant to this provision. DE 20 ¶ 6. As such, the Court must only determine the reasonable amount of Plaintiff's attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

To determine Plaintiff's reasonable attorneys' fees, the Court must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable hourly rate. *Id.* After determining a reasonable hourly rate, the second step of the lodestar method is to arrive at the total hours reasonably expended. *Id.* at 1301. The last step of the lodestar method is to calculate the lodestar amount, which "is determined by multiplication of a reasonable hourly rate times hours reasonably expended." *Id.* at 1302. The Court will address these steps in turn.

#### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the

attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Here, Plaintiff seeks to recover $73,183.17 in attorneys' fees for work five timekeepers billed for this matter. DE 22 at 6. These timekeepers, and their requested hourly rates, are explained in the following table:

| **Timekeeper** | **Requested Hourly Rate** |
|---|---|
| Attorney Michael T. Moore | $675 |
| Attorney Caycie Flitman | $450/$500 |
| Paralegal Laura Wisman | $210/$230 |
| Paralegal Susan Mallet | $210 |
| Legal Assistant Rey Saenz | $175 |

*Id.*

As it so happens, the Court has determined most of these timekeepers' reasonable hourly rates before. In *Caldwell v. Seychelles Limited LLC*, No. 0:23-CV-61267, 2024 WL 4202125, at *3 (S.D. Fla. Aug. 16, 2024), the Court found that $625 was a reasonable hourly rate for Attorney Moore, $450 was a reasonable hourly rate for Attorney Flitman, $150 was a reasonable hourly rate for Paralegal Wisman, and $125 was a reasonable hourly rate for Legal Assistant Saenz. Given that the Court made those determinations nearly two years ago, the $50 increase in Attorneys Moore and Flitman's hourly rates is reasonable to account for the increase in these attorneys'

experience and for inflation. As for Paralegal Wisman, Paralegal Mallet, and Legal Assistant Saenz, their requested hourly rates are in line with hourly rates this Court has recently approved as reasonable for paralegals and assistants with less experience. *See Prosomnus Sleep Techs., Inc. v. Penn*, No. 0:25-CV-60110, 2026 WL 2065242, at *3 (S.D. Fla. July 17, 2026) (approving as reasonable $225 hourly rate for paralegal with more than four years' experience and $200 hourly rate for paralegal with more than ten years' experience). For these reasons, the timekeepers' requested hourly rates are reasonable.

**2. Hours Reasonably Expended**

Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *Norman*, 836 F.2d at 1301. If a litigant does not exercise billing judgement, a court must exercise billing judgment for them. *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Ultimately, when reviewing fee applications, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, Attorney Moore billed 37.2 hours on this case,[1] Attorney Flitman billed 78.05 hours, Paralegal Wisman billed 13.09 hours, Paralegal Mallet billed .8 hours, and Legal Assistant Saenz billed 2.1 hours. DE 22 at 6. Although the 131.24 hours in total Plaintiff's timekeepers worked on this case might seem high for a default case that was pending for roughly five months before entry of final default judgment, the parties' settlement agreement entitled the prevailing party to "attorneys' fees and costs incurred in connection with the enforcement of the terms of the

[1] In Plaintiff's Motion, there appears to be a scrivener's error because it states that Attorney Moore worked 372 hours on this case. *See* DE 22 at 6. But Plaintiff's billing records only indicate that Attorney Moore worked 37.2 hours on this matter. *See* DE 22-1 at 3.

Settlement Agreement and release." DE 1-6 ¶ 14. Therefore, Plaintiff can recover its reasonable attorneys' fees and costs incurred for its efforts to enforce the terms of the settlement agreement prior to initiating this lawsuit.

However, Plaintiff cannot recover attorneys' fees and costs incurred before entry of the settlement agreement on March 21, 2025. Prior to that date, Attorney Moore billed 7 hours, Attorney Flitman billed 16.25 hours, Paralegal Mallet billed .8 hours, and Legal Assistant Saenz billed .4 hours for work on the settlement agreement. DE 22-1 at 7, 10, 11. In total, these timekeepers billed $12,275.50 for those hours. *See id.* The Court does not recommend awarding Plaintiff any fees for the hours billed prior to entry of the settlement agreement, since the settlement agreement only provides for fees incurred to enforce its terms.

The Court has reviewed the remaining hours billed, and they are reasonable, with the exception of the following hours billed for clerical work: (1) 3.22 hours Paralegal Wisman billed on September 29, 2025, to finalize and file the Complaint, pay the filing fee, update the client file, and calendar deadlines; (2) .5 hours Paralegal Wisman billed on October 31, 2025, to review the case docket and calendar deadlines; and (3) .3 hours Paralegal Wisman billed on January 22, 2026, to finalize and file a motion, confirm the filing, and update the client file. *Id.* at 33, 38, 49. These billed hours total 4.02 hours, and with Paralegal Wisman's hourly rate being $230 at the time of those billing entries, the total fees for these hours is $924.60. The Court does not recommend awarding Plaintiff $924.60 for these hours billed for clerical work. *See Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to

PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (*citing Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))). In total, the Court recommends disallowing $13,200.10 in attorneys' fees and awarding Plaintiff $59,983.07 in attorneys' fees.

**B. Costs**

Although Plaintiff does not discuss its costs in the Motion, it appears that Plaintiff claims to have incurred $992.12 in costs for this matter. *See* DE 22 at 6, 8 (claiming $74,175.29 in total fees and costs and $73,183.17 in fees). How Plaintiff calculates this amount is unclear since the Court's calculation, from its review of Plaintiff's billing records, shows $1,079.05 in costs, broken down as follows: (1) $46.41 in travel costs, (2) $302.71 in legal research costs, (3) $146.74 in costs to obtain a "Transcript of Registry" of the vessel at dispute in this litigation, (4) $405 in filing fees, (5) $30.39 in mailing costs, and (6) $147.80 in service of process costs. DE 22-1 at 11, 14, 20, 31, 34, 38, 42, and 46. In any event, Plaintiff is only entitled to recover taxable costs since the settlement agreement's prevailing party provision only allows for the recovery of "costs incurred in connection with enforcement of the terms of the Settlement Agreement and release." DE 1-6 ¶ 14; *see TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-CIV-61741, 2018 WL 3110799, at *16 (S.D. Fla. Apr. 11, 2018) (explaining that, unless a contractual provision specifically permits recovery of nontaxable costs, only taxable costs may be recovered), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prods. Enters., LLC*, No. 15-CV-61741, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018), *amended*, No. 15-CV-61741, 2018 WL 2672391 (S.D. Fla. June 5, 2018).

Plaintiff's travel costs, legal research costs, and mailing costs are not taxable. *See Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991) ("Absent extraordinary

or compelling circumstances, travel of attorneys is generally not a taxable cost."), *aff'd*, 961 F.2d 174 (11th Cir. 1992); *Trump v. Clinton*, 653 F. Supp. 3d 1198, 1228 (S.D. Fla. 2023) ("[C]osts incurred for electronic legal research are considered a component of attorneys' fees rather than costs under 29 U.S.C. § 1920."); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) ("[S]hipping costs are not recoverable.").

However, the costs to obtain the "Transcript of Registry" of the vessel at issue in this litigation, the filing fee, and the service of process costs are taxable. *See Nogara v. Lynn L. Off., P.C.*, No. 22-23142-CIV, 2024 WL 3312038, at *2 (S.D. Fla. Feb. 6, 2024) (permitting costs of obtaining certified copies of vehicle registration records to be taxed); *Centennial Bank v. M/V "Why Not"*, No. 22-CV-22883, 2023 WL 7284586, at *3 (S.D. Fla. Sept. 25, 2023) ("Filing fees are taxable . . . ."), *report and recommendation adopted sub nom. Centennial Bank v. M/V Why Not*, No. 22-22883-CIV, 2023 WL 7279411 (S.D. Fla. Nov. 3, 2023); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (explaining that private process server fees may be taxed). Accordingly, the Court recommends awarding Plaintiff $699.54 in costs.

## III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees [DE 22]. Specifically, the Court recommends awarding Plaintiff $59,983.07 in attorneys' fees and $699.54 in costs for a total award of $60,682.61.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 29th day of July, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE