**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-24469-LEIBOWITZ/AUGUSTIN-BIRCH**

**RAIZENDER YACHTING LTD.,**

**Plaintiff,**

**v.**

**M/Y PONYO and LIMITLESS SEAS, INC.,**

**Defendants.**
_______________________________________/

**REPORT AND RECOMMENDATION ON MOTION TO INTERVENE [DE 46]**

This cause comes before the Court on The One Marine Great Lakes, LLC ("TOMGL"), KYS Luke Brown Florida, LLC ("LB"), and Automated Parking Company East, LLC's ("APCE") Motion to Intervene. DE 46. The Honorable David S. Leibowitz, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 47. The Court has carefully considered the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Intervene [DE 46] be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

On September 29, 2025, Plaintiff filed this *in rem* possessory and petitory action pursuant to Federal Rule of Civil Procedure 9(h) and Rule D of the Supplemental Rules for Admiralty or Maritime Claims. DE 1. The Verified Complaint alleges that, on July 14, 2023, Plaintiff entered into a Purchase and Sale Agreement with Limitless Seas, Inc. ("LLS")[1] for the purchase of a vessel

[1] Plaintiff also asserted a claim against LLS for breach of a settlement agreement. DE 1 at 5–6. LLS failed to appear, and the Court entered final default judgment against it on March 2, 2026. DE 20.

identified as the M/Y PONYO – a 45ft 2023 Limitless Seas XLV-102 bearing Hull number TR-LLS45102C323 (the "Vessel"). *Id.* ¶¶ 11–12. Plaintiff asserts that it timely complied with its obligations thereunder, including full payment of the purchase price. *Id.* ¶ 14. Upon Plaintiff's full performance, LLS delivered the Vessel to Plaintiff and title to the Vessel passed to Plaintiff. *Id.* Then, on August 5, 2023, Plaintiff registered the Vessel in the United Kingdom and received a United Kingdom Certificate of Registry identifying Plaintiff as the Vessel's record owner. *Id.* ¶ 15.

Approximately one year later, on July 27, 2024, Plaintiff and LLS entered into a Boat Sale Profit Sharing Agreement, wherein Plaintiff authorized LLS to sell the Vessel within a set timeframe in exchange for a sales commission. *Id.* ¶ 16. Pursuant to that Agreement, Plaintiff delivered the Vessel back to LLS. *Id.* ¶ 17. Thereafter, LLS breached the Boat Sale Profit Sharing Agreement, and, on March 21, 2025, the parties entered into a written Settlement Agreement to resolve that dispute. *Id.* ¶¶ 17–18. LLS then breached the Settlement Agreement by, among other things, failing to sell the Vessel within the time set out in the parties' Settlement Agreement and refusing to disclose the location of the Vessel. *Id.* ¶¶ 20–22.

In its Verified Complaint, Plaintiff sought the arrest of the Vessel. *Id.* ¶ 46. On March 2, 2026, however, the Court administratively closed this case pending Plaintiff's ability to locate the Vessel. DE 20 at 2. Then, on May 22, 2026, Plaintiff filed an Emergency Motion to Reopen Case and for Issuance of Warrant of Arrest *In Rem*, stating that it had located the Vessel and asking the Court to order its arrest. DE 26. On that same day, the Court reopened the case and directed issuance of process for the arrest of the Vessel. DE 28; DE 30. The Vessel was arrested on May 29, 2026, and released to the Substitute Custodian. DE 34.

On July 3, 2026, non-parties TOMGL, LB, and APCE, along with their corporate officers, managers, and directors,[2] moved to intervene in this litigation. DE 46. As their basis for intervention, the non-parties assert that, on March 8, 2023, TOMGL entered into an agreement with LLS for the purchase of the Vessel. *Id.* ¶ 8. TOMGL alleges that, by April 24, 2023, it had paid the full purchase price of the Vessel. *Id.* ¶ 12.

TOMGL further alleges that, on April 2, 2024, LLS issued its Certificate of Origin and its Department of Homeland Security, U.S. Coast Guard, Builder's Certification and First Transfer of Title for the Vessel to TOMGL. *Id.* ¶¶ 10–11. TOMGL also states that, in July 2024, it paid for the Vessel's import duties ahead of its delivery to TOMGL's managing member, Robert Verdun. *Id.* ¶¶ 13–16. The Vessel arrived in the United States and was delivered by August 4, 2024. *Id.* ¶ 17. TOMGL hired a third-party company, International Vessel Documentation LLC, to title the Vessel in Florida on June 4, 2025, and received a Certificate of Title from the State of Florida on August 7, 2025. *Id.* ¶¶ 18–19. At some point thereafter, TOMGL, through LB brokers, sold the Vessel to APCE. *Id.* ¶¶ 3, 5–7. On May 29, 2026, the Vessel was arrested from behind the home of APCE's CEO. *Id.* at 9.

---

[2] In their Motion, the non-parties seek to have (1) Robert Verdun, Managing Member of TOMGL; (2) Max Brochert and Harley Henning, employees of LB; and (3) Ashley Jenkins, CEO of APCE, intervene in this action. DE 46 ¶¶ 5–7. As an initial matter, the Motion makes no mention of the individuals' supposed interest in the underlying litigation. Regardless, the Court notes that "[i]n a sense, every company's stockholders, bondholders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of 'interest' required for Rule 24(a) intervention." *Eddy Leal, P.A. v. Bimini Dev. of Vill. W. Corp.*, No. 17-21207-CIV, 2018 WL 4776377, at *4 (S.D. Fla. Aug. 28, 2018) (quotation marks omitted). Because these individuals have not demonstrated that they have a direct interest in this case, their motion to intervene, as matter of right, lacks merit. Additionally, the individuals have not satisfied the requirements for permissive intervention, nor have they explained how they have any basis whatsoever to intervene. Therefore, their motion for permissive intervention also lacks merit. Accordingly, this Court recommends that the Motion to Intervene [DE 46] be denied as to these individuals.

## II. Analysis

As an initial matter, Plaintiff does not oppose APCE's request to intervene. DE 54 at 2. Moreover, because APCE is the only non-party claiming a present ownership or possessory interest in the Vessel, the Court recommends that it be allowed to intervene in this action.

TOMGL and LB request to intervene as a matter of right or, in the alternative, permissively to challenge Plaintiff's arrest of the Vessel. DE 46 ¶ 2. Specifically, TOMGL and LB assert that they have an interest in the underlying litigation because they may be exposed to lawsuits by APCE related to the purported sale of the Vessel from TOMGL to APCE through LB, including for claims of "possession, recission of sale, return of purchase price proceeds and consequential damages." *Id.* However, because they can establish the prerequisites for neither intervention as of right nor permissive intervention, TOMGL and LB should not be allowed to intervene in this litigation.

### A. Intervention as of Right

TOMGL and LB assert that they are entitled to intervene in this litigation as of right. DE 8–11. Federal Rule of Civil Procedure 24 states that a court "must" permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit has interpreted this rule to require a non-party to demonstrate that:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (quotation marks omitted). If a party establishes these four requirements, the court must allow intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

In determining sufficiency of interest, a non-party must show an interest in the subject matter of the litigation that is "direct, substantial and legally protectable." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). The non-party's interest, however, need not be identical to the claims asserted in the main action. *Chiles*, 865 F.2d at 1214. Indeed, the court's inquiry on this issue is flexible and focuses on the particular facts and circumstances surrounding each motion for intervention. *Id.* Still, the non-party must be a real party in interest in the property or transaction which is the subject of the proceeding. *Id.* at 1213–14. And, importantly, the Eleventh Circuit has held that a legally protectable interest "is something more than an economic interest" and must be one "that derives from a legal right." *Mt. Hawley Ins. Co.*, 425 F.3d at 1311.

The key issue here is whether TOMGL and LB have demonstrated a protectable interest under Rule 24(a).[3] Specifically, TOMGL and LB assert that their interest in (1) defending the underlying sale of the Vessel by TOMGL to APCE through LB, and (2) potential exposure to lawsuits from APCE against them arising out of that sale entitle them to intervention as of right. DE 46 at 9–10.

However, the underlying litigation is a possessory and petitory action against the Vessel, *i.e.* the issues here are the possession and title to the Vessel. TOMGL and LB admit that they are not real parties in interest as to those claims – neither asserts a present interest in possession or

---

[3] Because Plaintiff does not dispute that the first prerequisite is satisfied, and the Motion's arguments concerning the third and fourth prerequisites focus almost exclusively on APCE, with little to no discussion of TOMGL or LB, *see* DE 46 at 10–11, the Court focuses its analysis on the second perquisite.

title to the Vessel. Instead, TOMGL and LB argue that they have an interest in defending the underlying sale to APCE, since a finding that such sale was improper could expose them to legal claims by APCE. In short, TOMGL and LB argue that they have an interest in the outcome of this litigation. TOMGL and LB, however, have not cited any binding or persuasive authority to support their position that such interest is sufficient for their intervention as of right.

Indeed, such economic interest is too collateral, indirect, and insubstantial to support intervention as of right. The Eleventh Circuit's analysis in *Purcell* is instructive. *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508 (11th Cir. 1996). There, a media company sought to intervene in a class action alleging federal securities-law violations against a group of defendants about whom the media company had aired a television program. *Id.* at 1510. The defendants separately sued the media company for libel. *Id.* After the jury reached a verdict for the plaintiffs in the class action, the media company moved for summary judgment in the libel action, arguing that the jury's verdict precluded a finding that its reporting was false. *Id.* While the class action appeal was pending, the parties settled, conditioning the settlement on vacatur of the jury verdict and judgment. *Id.* at 1510–11. The media company then moved to intervene to oppose vacatur, but the district court denied the motion, approved the settlement, and vacated the verdict and judgment. *Id.* On appeal, the Eleventh Circuit considered whether the media company's interest in the preclusive effect of the jury verdict in its libel case constituted a sufficient interest to justify intervention as of right under Rule 24 and concluded in the negative. *Id.* at 1512. The court reasoned that the media company's interest in the effect of the jury's verdict was "too collateral, indirect, and insubstantial to support intervention as of right," and that broadening the right of intervention to cover such circumstances would be improper. *Id.* at 1513.

Similarly here, TOMGL and LB have an interest in challenging the Vessel's arrest, because findings within that dispute – especially findings regarding the Vessel's ownership and chain of title – could potentially have an effect in separate lawsuits APCE may bring against them. However, given the *Purcell* court's conclusion that the media company's interest in the effect of the jury's verdict was "too collateral, indirect, and insubstantial to support intervention as of right," the Court does not see how TOMGL and LB's collateral interest is any stronger.

On the contrary, unlike *Purcell*, where the media company was actively engaged in litigation with the class action defendants, TOMGL and LB's interest here is purely speculative because it is contingent upon (1) Plaintiff prevailing against APCE in its title and possession dispute and (2) APCE commencing legal action against TOMGL and LB. Such an interest that is contingent upon the occurrence of a sequence of events before it becomes colorable does not satisfy Rule 24(a). *See Mt. Hawley Ins. Co.*, 425 F.3d at 1311–12 (affirming district court's denial of intervention as of right where non-party's interest was contingent upon his prevailing in pending litigation and was, therefore, speculative).

Accordingly, the Court recommends that TOMGL and LB's request for intervention as of right be denied. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1247 (11th Cir. 2006) (reversing district court ruling allowing intervention because non-party's interest was not related to underlying action but rather was focused on the collateral issue of whether an injunction in the underlying case would impair or impede its ability to litigate a separate action).

**B. Permissive Intervention**

Alternatively, TOMGL and LB assert that they should be allowed to permissively intervene in this litigation. DE 46 at 11.

Rule 24(b) states that a court "may" permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24 also mandates that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c). Under this rule, a non-party must demonstrate that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213. But, even if both requirements are met, the court has discretion to deny intervention. *Id.*; *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d at 1246 ("[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention").

Here, TOMGL and LB move for permissive intervention to "defend the legitimacy" of the alleged underlying sale to APCE. DE 46 at 11. This is entirely duplicative of the interest asserted by APCE, and allowing TOMGL and LB to assert the exact same interest would only serve to unduly delay this litigation. As such, the Court recommends that TOMGL and LB's request for permissive intervention be denied. *See Chiles*, 865 F.2d at 1215 (affirming district court's denial of permissive intervention, in part, because the duplicative nature of the claims and interests asserted by intervenors posed threat "to unduly delay the adjudication of the rights of the parties in the lawsuit and [made] it unlikely that any new light [would] be shed on the issues to be adjudicated").

## III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the Motion to Intervene [DE 46] be **GRANTED IN PART** and **DENIED IN PART**. Automated Parking Company East, LLC,

but not The One Marine Great Lakes, LLC or KYS Luke Brown Florida, LLC, should be allowed to intervene in this litigation.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 10th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE