**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24469-LEIBOWITZ/AUGUSTIN-BIRCH**

**RAIZENDER YACHTING LTD.,**

*Plaintiff,*

*v.*

**M/Y PONYO AND LIMITLESS SEAS, INC.,**

*Defendants.*
_________________________________________/

# ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation [ECF No. 76] (the "R&R") on the Motion to Intervene by non-parties The One Great Lakes, LLC ("TOGL"), KYS Luke Brown Florida, LLC ("LB"), and the Automated Parking Company East, LLC ("APCE") [ECF No. 46] (the "Motion"), recommending that the Motion GRANTED IN PART and DENIED IN PART. [ECF No. 76 at 1, 8–9]. The undersigned previously referred the Motion to U.S. Magistrate Judge Augustin-Birch for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 57]. The non-parties object to the R&R on limited grounds—they object only to the recommendation that the Motion be denied as to TOGL and LB.[1] [ECF No. 81]. Upon *de novo* review of the Motion, the R&R, the Objections, relevant portions of the record, and the applicable law, the Court AFFIRMS and ADOPTS the R&R, which is fully incorporated in this Order. TOGL and LB's Objections are OVERRULED.

---

[1] No objection is lodged at the recommendation that the motion be granted as to APCE and denied as to non-party individual officers, managers, and directors. [*See* ECF No. 81 at 1].

## I. BACKGROUND

On September 29, 2025, Plaintiff filed this *in rem* possessory and petitory action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule D of the Supplemental Rules for Admiralty or Maritime Claims. [Compl., ECF No. 1]. The Verified Complaint alleges that, on July 14, 2023, Plaintiff entered into a Purchase and Sale Agreement with Limitless Seas, Inc. ("LLS") for the purchase of a vessel identified as the M/Y PONYO – a 45ft 2023 Limitless Seas XLV-102 bearing Hull number TR LLS45102C323 (the "Vessel"). [*Id.* ¶¶ 11–12].

Plaintiff asserts that it timely complied with its obligations thereunder, including full payment of the purchase price. [*Id.* ¶ 14]. Upon Plaintiff's full performance, LLS delivered the Vessel to Plaintiff and title to the Vessel passed to Plaintiff. [*Id.*]. Then, on August 5, 2023, Plaintiff registered the Vessel in the United Kingdom and received a United Kingdom Certificate of Registry identifying Plaintiff as the Vessel's record owner. [*Id.* ¶ 15].

Approximately one year later, on July 27, 2024, Plaintiff and LLS entered into a Boat Sale Profit Sharing Agreement, wherein Plaintiff authorized LLS to sell the Vessel within a set timeframe in exchange for a sales commission. [*Id.* ¶ 16]. Pursuant to that Agreement, Plaintiff delivered the Vessel back to LLS. [*Id.* ¶ 17]. Thereafter, LLS breached the Boat Sale Profit Sharing Agreement, and, on March 21, 2025, the parties entered into a written Settlement Agreement to resolve that dispute. [*Id.* ¶¶ 17–18]. LLS then breached the Settlement Agreement by, among other things, failing to sell the Vessel within the time set out in the parties' Settlement Agreement and refusing to disclose the location of the Vessel. [*Id.* ¶¶ 20–22].

In its Verified Complaint, Plaintiff sought the arrest of the Vessel. [I*d.* ¶ 46]. On March 2, 2026, however, the Court administratively closed this case pending Plaintiff's ability to locate the Vessel. [ECF No. 20 at 2]. Then, on May 22, 2026, Plaintiff filed an Emergency Motion to Reopen Case and for Issuance of Warrant of Arrest In Rem, stating that it had located the Vessel and asking

the Court to order its arrest. [ECF No. 26]. On that same day, the Court reopened the case and directed issuance of process for the arrest of the Vessel. [ECF Nos. 28, 30]. The Vessel was arrested on May 29, 2026, and released to the Substitute Custodian. [ECF No. 34].

On July 3, 2026, non-parties TOGL, LB, and APCE, along with their corporate officers, managers, and directors, moved to intervene in this litigation. [ECF No. 46]. As their basis for intervention, the non-parties assert that, on March 8, 2023, TOGL entered into an agreement with LLS for the purchase of the Vessel. [*Id.* ¶ 8]. TOGL alleges that, by April 24, 2023, it had paid the full purchase price of the Vessel. [*Id.* ¶ 12]. TOGL further alleges that, on April 2, 2024, LLS issued its Certificate of Origin and its Department of Homeland Security, U.S. Coast Guard, Builder's Certification and First Transfer of Title for the Vessel to TOGL. [*Id.* ¶¶ 10–11]. TOGL also states that, in July 2024, it paid for the Vessel's import duties ahead of its delivery to TOGL's managing member, Robert Verdun. [*Id.* ¶¶ 13–16]. The Vessel arrived in the United States and was delivered by August 4, 2024. [*Id.* ¶ 17]. TOGL hired a third-party company, International Vessel Documentation LLC, to title the Vessel in Florida on June 4, 2025, and received a Certificate of Title from the State of Florida on August 7, 2025. [*Id.* ¶¶ 18–19]. At some point thereafter, TOGL, through LB brokers, sold the Vessel to APCE. [*Id.* ¶¶ 3, 5–7]. On May 29, 2026, the Vessel was arrested from behind the home of APCE's CEO. [*Id.* at 9].

In her report, Judge Augustin-Birch recommends denying the Motion as to TOGL and LB (along with the individual movants) because they have not met the requirements for intervening in this action as a matter of right, as they fail to show a possessory interest in the Vessel. [ECF No. 76 at 5–7]. Judge Augustin-Birch further recommends that the Court deny TOGL and LB's request for permissive intervention because their claims would merely be duplicative of those asserted by APCE and would thus unduly delay the litigation. [*Id.* at 7–8].

## II. LEGAL STANDARDS

### A. <u>Review of a Magistrate Judge's Report and Recommendation</u>

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted)). "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Zinn,* 321 F.3d 1084, 1087–88 (11th Cir. 2003).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000)). To demonstrate plain error, an objector must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003). An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court. *See Schultz,* 565 F.3d at 1356–57 (citing *United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003)).

**B. Intervention in Maritime Actions**

The Federal Rules of Civil Procedure apply in maritime actions except to the extent they conflict with the Federal Supplemental Admiralty Rules. Fed. Supp. Adm. R. A(2). The Federal Supplemental Admiralty Rules and the Southern District of Florida's Local Admiralty Rules incorporate and complement the Federal Rules of Civil Procedure for actions *in rem* such as the case at bar. *See* Suppl. Rule A(2); S.D. Fla. Loc. Admiralty R. A(1).

1. Federal Rule of Civil Procedure 24 Intervention

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as a matter of right. Under that Rule, "[i]ntervention is permitted as a matter of right when the moving party demonstrates that: (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest." *Am. Fed'n of State, Cnty. & Mun. Emp. (AFSCME) Council 79 v. Scott*, 278 F.R.D. 664, 668 (S.D. Fla. 2011). "All four elements. . . must be met before intervention of right will be permitted." *Id.* (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213–14 (11th Cir. 1989)). Thus, "failure

to prove any one of the elements requires a court to deny the motion." *Id.* (citing *Chiles,* 865 F.2d at 1213–14). "The asserted interest, furthermore, must be supported by a 'direct, substantial and legally protectable interest in the proceedings.'" *Id.* (quoting *Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996)). Finally, "[t]he proposed intervenor bears the burden of showing that the existing parties cannot adequately represent its interest, however, this burden is minimal." *Id.* (citing *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993)).

Rule 24(b) governs permissive intervention. Relevant to this case, Rule 24(b)(1)(B) permits the intervention of someone who "has a claim or defense that shares with the main action a common question of law or fact." However, "[e]ven when the requirements of Rule 24(b) are satisfied, it is in the court's sole discretion whether to allow intervention." *Id.* (citing *Purcell*, 85 F.3d at 1513). "The court must consider whether the intervention will unduly delay proceedings or prejudice the adjudication of the original parties' rights." *Id.* (citing *Purcell*, 85 F.3d at 1513).

2. Southern District of Florida Local Admiralty Rule E Intervention

Rule E(2)(a) of the Southern District of Florida Local Admiralty Rules provides, in relevant part, that:

> Whenever a vessel… is arrested or attached in accordance with any Supplemental Rule, and the vessel is in the custody of … [a] duly authorized substitute custodian, any other person having a claim against a vessel… shall be required to present their claims as indicated below:
>
> (a) *Intervention of Right When No Sale of the Vessel… Is Pending.* … any person having a claim against a vessel… previously arrested… may, as a matter of right, file an intervening complaint at any time before an order is entered by the Court scheduling the vessel … for sale.
>
> Coincident with the filing of an intervening complaint, the offering party shall prepare and file a supplemental warrant of arrest and/or supplemental process of attachment and garnishment.
>
> Upon receipt of the intervening complaint and supplemental process, the Clerk of Court shall conform a copy of the intervening complaint and shall issue the supplemental process. Thereafter, the offering party shall deliver the conformed copy of the intervening complaint and supplemental process to the Marshal for

execution….

S.D. Fla. Loc. Adm. R. E(2)(a); *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1295 (11th Cir. 2017) ("If there is no sale pending, then intervention as of right is permitted 'at any time before an order is entered by the Court scheduling the vessel or property for sale.'") (quoting S.D. Fla. Loc. Adm. R. E(2)(a)).

Local Admiralty Rule E(5)(a) provides that: "Any party seeking the arrest or attachment of property in accordance with Supplemental Rule E shall deposit a sum with the Marshal sufficient to cover the Marshal's estimated fees … for at least fourteen (14) days. The Marshal is not required to execute process until the deposit is made." S.D. Fla. Loc. Adm. R. E(5)(a). Rule E(5)(b) provides the mechanism for allocating the Marshal's fees and expenses among intervening parties. *See* S.D. Fla. Loc. Adm. R. E(5)(a).

"If a sale is pending, a would-be intervenor is free to intervene more than twenty-one days before the sale. If the pending sale is within twenty-one days, the would-be intervenor must comply with additional procedural requirements, including filing a supplemental warrant of arrest, serving copies of the motion to intervene, and filing a certificate of service with the district court." *Salvors,* 861 F.3d at 1295 (citing S.D. Fla. Local Adm. R. E(2)(b)). "So long as these requirements are satisfied, the district court may 'permit intervention under such conditions and terms as are equitable to the interests of all parties.'" *Id.* (citing S.D. Fla. Local Adm. R. E(2)(b)).

In admiralty, permissive intervention must have "independent jurisdictional grounds" and is not available to expand federal jurisdiction by bringing before the court a controversy that could not have originally been brought in admiralty. *See Isbrandtsen Co. v. S. S. Kokoh Maru, S. S. Kochu Maru*, 263 F. Supp. 784, 785 (S.D.N.Y. 1966) (citing *Kozak v. Wells*, 278 F.2d 104, 113 (8th Cir. 1960); *Curtis v. American Book Co.*, 137 F. Supp. 950 (S.D.N.Y. 1955); *State of Maryland, to Use of Carnesdale v. Rolen*, 124 F. Supp. 86 (D. Md. 1954); 4 Moore, FEDERAL PRACTICE). Consequently, a non-maritime claim may

not be asserted as a basis for permissive intervention in Admiralty. *See id.* A motion to intervene may be denied whether there is a want of Admiralty litigation into which intervention can be made, the grant of intervention would be futile, or another federal court, such as a bankruptcy court, has exclusive jurisdiction of the claims of the intervenors. *See Def. Supplies Corp. v. Am.-Hawaiian S.S. Corp.,* 64 F. Supp. 459, 460 (S.D.N.Y. 1945); *Def. Plant Corp. v. U.S. Barge Lines,* 57 F. Supp. 14, 16 (S.D.N.Y.), *aff'd* 145 F.2d 766 (2d Cir. 1944).

Because a brokerage agreement tied to the sale of a vessel is non-maritime in nature, a broker cannot assert a maritime lien to support intervention. *See Gaster Marine Recovery & Sales, Inc. v. M/V The Restless I*, 33 F. Supp. 2d 1333, 1134 (S.D. Fla. 1998) ("the Eleventh Circuit's law is 'firmly established' that a contract for the sale of a vessel is not within federal courts admiralty jurisdiction"); *see also U.S. v. Maryland Cas. Co.*, 235 F.2d 50, 52–53 (5th Cir. 1956) (where claimant lacks a maritime lien, intervention is at most permissive, and courts have denied such motions where the claimant's interest is non-maritime).

**DISCUSSION**

TOGL and LB lodge four objections to the R&R. [ECF No. 81]. First, the purported intervenors argue the R&R improperly limits Rule 24(a)(2) to present ownership or possession of the Vessel. [*Id.* at 2–3]. Second, TOGL and LB attempt to distinguish the authorities relied upon by Judge Augustin-Birch, arguing "[n]either case involved a purported intervenor whose completed transaction formed a necessary link in the merits of the pending action." [*Id.* at 3–4]. Third, TOGL and LB contend that disposition of this case "may practically impair" them, and their interests would not be adequately represented by APCE (which may intervene as a matter of right under the Court's Local Admiralty Rules cited above). [*Id.* at 4–5]. Fourth, TOGL and LB disagree with the R&R that their intervention would unduly delay or prejudice these proceedings. [*Id.* at 5].

The Court takes up each objection in turn. Before doing so, however, the Court points out

that TOGL and LB do not cite the Court's Local Admiralty Rules nor do they cite any specific case law that would allow their non-maritime claims to intrude upon this Admiralty action. [*See generally id.*].

1. First Objection is OVERRULED. Upon *de novo* review, Judge Augustin-Birch did not err in determining that TOGL and LB cannot intervene as a matter of right. TOGL and LB concede they have no possessory interest in the Vessel. [*See* ECF No. 81 at 2–3]. As set forth above, Local Admiralty Rule E(2)(a) requires a possessory interest to support such an intervention. S.D. Fla. Loc. Adm. R. E(2)(a). Accordingly, this Objection is OVERRULED.

2. Second Objection is OVERRULED. Upon *de novo* review, TOGL and LB cite no authority for their argument that they should be permitted to intervene in this maritime action because "[t]heir interests arise from completed purchase, title, brokerage, and sale transactions that Plaintiff has already put in dispute." [ECF No. 81 at 4]. Permissive intervention is generally disallowed where the claimant's interest is non-maritime such as those presented by TOGL and LB. *See Gaster,* 33 F. Supp. 2d at 1134; *Maryland Cas. Co.*, 235 F.2d at 52–53. Accordingly, this Objection is OVERRULED.

3. Third Objection is OVERRULED. TOGL and LB's argument that APCE cannot adequately represent their interests meets this low burden. *See Fed. Sav. & Loan Ins. Corp.*, 983 F.2d at 216. However, non-maritime claims provide no basis for permissive intervention in an Admiralty action. *See Gaster,* 33 F. Supp. 2d at 1134; *Maryland Cas. Co.*, 235 F.2d at 52–53. Accordingly, this objection is OVERRULED.

4. Fourth Objection is OVERRULED. Upon *de novo* review, whether the permissive intervention of TOGL and LB would unduly delay these proceedings matters only to the extent that permissive intervention is appropriate, which as discussed above, it is not. *See Gaster,* 33 F. Supp. 2d at 1134; *Maryland Cas. Co.*, 235 F.2d at 52–53. Accordingly, this Objection is also OVERRULED.

## CONCLUSION

Thus, having reviewed *de novo* the Motion, the record, the Report and Recommendation, the Objections, and the governing law and finding no error, it is hereby **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [**ECF No. 76**] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2. The Motion To Intervene [**ECF No. 46**] is **GRANTED IN PART and DENIED IN PART.**

3. Only APCE may intervene in this action, <u>and it must do so in compliance with the Court's Local Admiralty Rules</u>. The Motion is denied as to TOGL, LB, and the individual officers, managers, and directors.

**DONE AND ORDERED** in the Southern District of Florida on September 30, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record